ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| YADIRA MERCADO SANTIAGO<br><br>Peticionaria<br><br>v.<br><br>JESUS MANUEL GARCÍA MALDONADO<br><br>Recurrida | **TA2026CE00390** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Ponce<br><br>Civil Núm.: PO2024CV03360<br><br>Sobre: División de Comunicad de Bienes |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

Bonilla Ortiz, Juez Ponente

### **RESOLUCIÓN**

En San Juan, Puerto Rico a 23 de abril de 2026.

Comparece ante este foro la Sra. Yadira Mercado Santiago (señora Mercado o "la peticionaria") y nos solicita que revisemos la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, notificada el 2 de febrero de 2026. Mediante el referido dictamen, el foro primario dio por admitido el requerimiento de admisiones cursado a la peticionaria.

Por los fundamentos que expondremos a continuación, **DENEGAMOS** expedir el recurso discrecional de *certiorari*.

### **I.**

El presente caso se originó el 15 de noviembre de 2025, con la presentación de una *Demanda* instada por la señora Mercado sobre división de comunidad de bienes en contra del Sr. Jesús M. García Maldonado (señor García o "el recurrido").[1]

---

[1] *Demanda*, entrada núm. 1 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

Luego de varios trámites procesales, el 30 de mayo de 2025, el señor García presentó una *Moción Informativa y en Solicitud de Remedio*. Mediante esta, informó que el 9 de mayo de 2025, había cursado un *Requerimiento de Admisiones* a la señora Mercado a través de su representante legal. No obstante, sostuvo que había transcurrido el término de veinte (20) días provisto por las Reglas de Procedimiento Civil, sin que hubieran recibido contestación o la peticionaria solicitara una prórroga. Por ello, solicitó se diera por admitido dicho requerimiento de admisiones.

El 2 de junio de 2025, la señora Mercado presentó una *Moción en Solicitud de Prórroga*.[2] En esta, señaló que las partes se encontraban en movimiento incluyendo tasaciones y ofertas transaccionales. Por lo tanto, solicitó una prórroga de cinco (5) días para enviar las contestaciones juramentadas.

El 3 de junio de 2025, el recurrido presentó su *Oposición a Solicitud de Prórroga y para Reitera se den por Admitidos los Requerimientos*.[3] Sostuvo que, el 29 de mayo de 2025, era la fecha límite para que la peticionara contestara el *Requerimiento de Admisiones*. Sin embargo, planteó que la señora Mercado luego de expirado el término y sin justa causa, solicitó una prórroga. Enfatizó que, no había justificación para no contestar a tiempo, y reiteró se dieran por admitidos los requerimientos cursados.

El 26 de junio de 2025, la señora Mercado presentó una *Moción Informativa*.[4] En la cual, dejaba saber que

---

[2] *Moción en Solicitud de Prórroga*, entrada núm. 24 en SUMAC.
[3] *Oposición a Solicitud de Prórroga y para Reitera se den por Admitidos los Requerimientos*, entrada núm. 25 en SUMAC.
[4] *Moción Informativa*, entrada núm. 29 en SUMAC.

aun cuando el foro recurrido había denegado su solicitud de prórroga, el 11 de junio de 2025, le envió al recurrido el correspondiente *Requerimiento de Admisiones*.

El 30 de junio de 2025, el señor García presentó una *Moción en Cumplimiento de Orden y Objetando Respuestas a Requerimiento de Admisiones Conforme Regla 33 de Procedimiento Civil*.[5] En esencia, arguyó que la peticionaria envió un *Requerimiento de Admisiones* incompleto, en el cual expresó respuestas en términos suspensivos, siendo contrario al mecanismo.

Luego de varias incidencias procesales, el 2 de febrero de 2026, el foro primario notificó una *Orden*, mediante la cual dio por admitido el requerimiento de admisiones cursado a la peticionaria.[6]

En desacuerdo, el 17 de febrero de 2026, la señora Mercado presentó una *Reconsideración*.[7] En atención a ello, el 27 de febrero de 2026, el foro *a quo* emitió una *Orden*, en la cual declaró *No Ha Lugar* la *Reconsideración*.[8]

Aun inconforme, el 30 de marzo de 2026, la peticionaria presentó el recurso de epígrafe y formuló el siguiente señalamiento de error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE PONCE, AL DAR POR ADMITIDOS CUARENTA (40) REQUERIMIENTOS DE ADMISIONES, SIN CONSIDERAR LA NATURALEZA SUSTANTIVA DEL CASO, EL PERJUICIO RESULTANTE Y LA POLÍTICA PÚBLICA DE ADJUDICACIÓN EN LOS MÉRITOS, INCURRIENDO ASÍ EN ABUSO DE DISCRECIÓN.

---

[5] *Moción en Cumplimiento de Orden y Objetando Respuestas a Requerimiento de Admisiones Conforme Regla 33 de Procedimiento Civil*, entrada núm. 31 en SUMAC.
[6] *Orden*, entrada núm. 44 en SUMAC.
[7] *Reconsideración*, entrada núm. 46 en SUMAC.
[8] *Orden*, entrada núm. 49 en SUMAC.

El 9 de abril de 2026, emitimos una *Resolución* mediante la cual le concedimos a la parte recurrida el término de quince (15) días, contados a partir de la fecha de presentación del recurso de epígrafe, para oponerse y expresarse sobre los méritos del recurso.

El 14 de abril de 2026, el señor García presentó su *Oposición a Expedición de Auto de Certiorari.*

Contando con la comparecencia de las partes, y a la luz del derecho aplicable, procedemos a resolver.

## II.

### -A-

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. *Íd.*, pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción." *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. *Íd.*, pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. *Íd.* Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. *Íd.* Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad." *Íd.*

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (remedios provisionales) y la Regla 57 (injunction) de las Reglas de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

Por su parte, la Regla 40 del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025), enmarca los criterios que debe evaluar este tribunal al expedir un auto de *certiorari*. La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró,* supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009).

-B-

La Regla 33 de Procedimiento Civil, 32 LPRA Ap. V, R. 33, gobierna el alcance del requerimiento de admisiones, el cual establece:

**Regla 33. Requerimiento de Admisiones**

(a) *Requerimiento de admisión.* A los efectos de la acción pendiente únicamente, una parte podrá requerir por escrito a cualquier otra parte que admita la veracidad de cualesquiera materias dentro del alcance de la Regla 23.1 contenidas en el requerimiento, que se relacionen con cuestiones de hechos u opiniones de hechos o con la aplicación de la Ley a los hechos, incluyendo la autenticidad de cualquier documento descrito en el requerimiento. Se notificarán copias de los documentos conjuntamente con el requerimiento, a menos que hayan sido entregadas o suministradas para

inspección y copia. El requerimiento podrá notificarse, sin el permiso del tribunal, a la parte demandante luego de comenzado el pleito y a cualquier otra parte luego de haber transcurrido el término de los treinta (30) días siguientes a la fecha de su emplazamiento. Si la parte demandada inicia cualquier tipo de descubrimiento dentro del referido plazo, dicha limitación no será de aplicación.

Cada materia sobre la cual se requiera una admisión deberá formularse por separado. Todas las cuestiones sobre las cuales se solicite una admisión se tendrán por admitidas, a menos que dentro de los veinte (20) días de haberle sido notificado el requerimiento, o dentro del término que el tribunal concediese mediante una moción y notificación, la parte a quien se le notifique el requerimiento le notifica a la parte que requiere la admisión una contestación suscrita bajo juramento por la parte o una objeción escrita sobre la materia. A menos que el tribunal acorte el término, una parte demandada no estará obligada a notificar contestaciones u objeciones antes de transcurridos veinte (20) días a partir de haberle sido entregada copia de la demanda y el emplazamiento. En este caso se debe apercibir a la parte demandada en el requerimiento que de no contestarlo en el término dispuesto se entenderá admitido. Si se objeta el requerimiento de admisión, deberán hacerse constar las razones para ello. La contestación deberá negar específicamente la materia o exponer en detalle las razones por las cuales la parte a quien se le requiere la admisión no puede admitir o negar lo requerido. Toda negación deberá responder cabalmente a la sustancia de la admisión requerida, y cuando la buena fe exija que una parte cualifique su contestación o niegue solamente una parte de lo requerido, deberá especificarse lo que sea cierto y negarse solamente el resto. Una parte a quien se le requiere una admisión no podrá aducir como razón para así no hacerlo la falta de información o de conocimiento, a menos que demuestre que ha hecho las gestiones necesarias para obtener dicha información y que la información conocida u obtenida es insuficiente para admitir o negar. Una parte no podrá objetar el requerimiento basándose únicamente en que la materia requerida presenta una controversia justiciable; podrá, sujeto a lo dispuesto en la Regla 34.4, negar lo requerido o exponer las razones por las cuales no puede admitir o negar. La parte que ha requerido las admisiones podrá, mediante una moción, cuestionar la suficiencia de las contestaciones u objeciones. A menos que el tribunal determine que una objeción está justificada, ordenará que se conteste lo requerido. Si el tribunal determina que una contestación no cumple con los requisitos de esta regla, podrá ordenar que se dé por admitido lo requerido o que se notifique una contestación enmendada. El tribunal podrá, en su lugar, determinar que se dispondrá finalmente del requerimiento en una conferencia con antelación al juicio o en una fecha señalada antes del juicio. Las disposiciones de la Regla 34.2(c)

aplican a la imposición de gastos en que se incurra con relación a la moción.

Conforme se desprende de la precitada Regla 33, *supra*, a través de un requerimiento de admisiones, una parte puede requerir a la otra que admita la veracidad de cualquier materia que esté dentro del alcance de la Regla 23.1 de Procedimiento Civil, respecto a cuestiones u opiniones de hechos o con la aplicación de la ley a los hechos, o que admita la autenticidad de cualquier documento que se acompañe con el requerimiento. La norma procesal persigue "aligerar los procedimientos para definir y limitar las controversias del caso y proporcionar así un cuadro más claro sobre éstas." *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, 144 DPR 563, 571 (1997). Si bien el requerimiento de admisiones no se considera un mecanismo del descubrimiento de prueba, cumple una función importante, pues sirve como un instrumento eficaz para delimitar las controversias del caso, lograr admisiones que acorten el pleito y evitar gastos innecesarios. J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Publicaciones JTS, 2011, T. III, pág. 1001; *Rivera Prudencio v. Mun. de San Juan*, 170 DPR 149, 171 (2007).

La regla permite que se curse a la parte demandante un requerimiento de admisiones, sin permiso del tribunal, luego de iniciado el litigio. Regla 33 de las Reglas de Procedimiento Civil, *supra*; Cuevas Segarra, *op. cit.*, pág. 1003. La parte interpelada tiene que admitir o negar lo requerido bajo juramento o presentar una objeción escrita sobre la materia en cuestión dentro del término de veinte (20) días. Regla 33 de las Reglas

de Procedimiento Civil, *supra*; *Rivera Prudencio v. Mun. de San Juan,* supra, págs. 171-172.

Las disposiciones de la norma procesal son mandatorias, no meramente directivas, "lo que requiere que haya un cumplimiento con las mismas." Cuevas Segarra, *op. cit.,* pág. 999. Transcurrido el término reglamentario no prorrogado, si la parte no cumple con el plazo, las cuestiones sobre las cuales se solicitó la admisión, automáticamente se tendrán por admitidas, sin ulterior trámite. Es decir, no se requiere que el tribunal emita una orden. *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, supra, pág. 573; *Rivera Prudencio v. Mun. de San Juan,* supra, pág. 172; Cuevas Segarra, *op. cit.,* págs. 1000-1001. El efecto es que la admisión de un requerimiento se considerará definitiva, a menos que el tribunal, previa moción al efecto, permita su retiro o una enmienda a ésta. En el ejercicio de su discreción, el tribunal debe interpretar la regla de forma flexible para favorecer que el conflicto se dilucide en los méritos. Regla 33 de las Reglas de Procedimiento Civil, *supra*; *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, supra, págs. 573-574.

### III.

En el caso de autos, la señora Mercado alega que incidió el foro primario al dar por admitido el Requerimiento de Admisiones, sin considerar la naturaleza sustantiva del caso, el perjuicio y la política pública de adjudicar en los méritos.

Luego de un examen sosegado del expediente ante nos, y conforme a la normativa procesal, estamos impedidos de expedir el recurso de epígrafe. La controversia planteada responde a un asunto

interlocutorio. Además, lo cierto es que no hemos identificado el alegado abuso de discreción sobre la *Orden* recurrida.

Ciertamente, si la parte a quien se le cursa un requerimiento de admisiones no cumple con el término de veinte (20) días provisto por la Regla 33 de las Reglas de Procedimiento Civil, *supra*, "las cuestiones sobre las cuales se solicitó la admisión, automáticamente se tendrán por admitidas." Por consiguiente, la parte promovida tiene un deber afirmativo de responder y de efectuar las gestiones necesarias para obtener la información para admitir o negar. Según establecido, las disposiciones de la Regla 33 de Procedimiento Civil, *supra*, requieren un cumplimiento sustancial.

Por lo tanto, concluimos que la señora Mercado no satisfizo los criterios reglamentarios de la Regla 52 de Procedimiento Civil, *supra*, ni de la Regla 40 de nuestro Reglamento, *supra*. Tampoco logró persuadir nuestra discreción para variar el curso que el foro primario dio a la controversia presentada.

Los tribunales apelativos no debemos modificar las decisiones relacionadas con el manejo del caso emitidas por el foro de instancia, a menos que medie prejuicio, pasión, parcialidad o error manifiesto. Esta deferencia está cimentada en que dicho foro está en mejor posición para tomar las medidas que permitan el adecuado curso hacia su disposición final, de la forma más justa, rápida y económica posible y en consecución a la búsqueda de la verdad.

Consecuentemente, determinamos que el foro primario no abusó de su discreción al dar por admitido el

*Requerimiento de Admisiones*. Por lo tanto, procede la denegación del auto discrecional solicitado.

**IV.**

Por los fundamentos antes expuestos, **DENEGAMOS** la expedición del auto de *certiorari* solicitado.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones